# IN RE RULE TEN OF THIS COURT.

---

OPINION ON MOTION TO AMEND RULE TEN.

1. A rule allowing an attachment upon the ground that the defendant is a foreigner would be both impolitic and unjust in this jurisdiction, where there are so many foreigners with ample visible property.
2. Actions by foreign attachments do not lie in this court.

February 21, 1902.

---

HOLT, Judge, delivered the following opinion:

Motion is made to amend rule 10 of this court, which reads thus: Rule 10. "In actions at law the clerk shall issue writs of attachment and garnishment, upon the plaintiff executing bond with sufficient security, to be approved by the clerk, in double the value of his claim, conditioned to pay the defendant, or other party injured thereby, all costs and damages arising from the writ, if finally decided it was wrongfully obtained; and upon filing, by or on behalf of plaintiff, of an affidavit stating that plaintiff has a good cause of action, and that affiant has reason to believe the defendant intends to and will fraudulently part with or conceal his property before judgment can be

---

*Attachment—nonresidents.* As to attachment of property of nonresident, see editorial note to Cousins v. Alworth, 10 L. R. A. 504; as to what is nonresidence for the purpose of attachment, see editorial note to Munroe v. Williams, 19 L. R. A. 665.

recovered against him, so that judgment cannot be satisfied; or that such defendant has departed the jurisdiction and has so remained, or affiant believes he intends so to remain, more than sixty days, in order to defeat service of process."

The proposed amendment is: "Add to the end of the rule the following words, 'or that the defendant, whose property is sought to be attached, is a foreigner or is a nonresident of the island of Porto Rico.'"

It certainly would not do to make it embrace every defendant who is a foreigner. For instance, there are many Spaniards in the island who have ample property, and this would authorize an attachment against it. When I prepared the rule there was a question in my mind whether I could make nonresidence a ground of attachment. I looked into the question then enough to conclude that it was, at least, debatable ground, and that I had better leave it out.

I have, since then, made a thorough examination of the question, and am of the opinion that this court has no power to do so. The United States law, to wit, §§ 914, 915 of the Revised Statutes (U. S. Comp. Stat. 1901, p. 684), adopting state process, adopt forms and modes only so far as the person is in reach of the process, and do not enlarge the jurisdiction; and the right to attach property to compel the appearance of persons can be used only when such persons are amenable to process *in personam*. The United States law does not provide for compulsive process against one unless he be an inhabitant of or found in the district.

Section 739, United States Revised Statutes, provides: "Sec. 739. Except in the cases provided in the next three sections, no person shall be arrested in one district for trial in another, in any civil action before a circuit or district court; and except in the said cases, and the cases provided by the preceding section,

Re Rule Ten.

no civil suit shall be brought before either of said courts against an inhabitant of the United States, by any original process, in any other district than that of which he is an inhabitant, or in which he is found at the time of serving the writ."

In other words, jurisdiction to institute suits by foreign attachments is not given to the United States courts.

The leading case upon this subject is Toland v. Sprague, 12 Pet. 300, 9 L. ed. 1093. See also 2 Desty, Fed. Proc. 851.

In suits to enforce liens for purchase money and mortgages, for partitions, etc., the mode of notifying the defendant by publication is specially provided for by statute.

It struck me at first as an anomaly, if a suit could not be brought to attach the property of a nonresident; but I found upon examination that such jurisdiction over a defendant seems never to have been given by the United States laws.